## Court of Appeals.

*April,* 1883.

## PEOPLE *v.* PETREA.

(Affirming 1 *N. Y. Crim. Rep.* 198.)

CONSTITUTIONAL LAW.—LOCAL ACT FOR SELECTING GRAND AND
PETIT JURORS IN ALBANY COUNTY.—DEFECTS IN CONSTITU-
TION OF GRAND JURY.—CONST. ART. 3, §§ 18, 25.—
2 R. S. 720, § 1.—WHAT PLEAS ALLOWED UNDER
CODE OF CRIMINAL PROCEDURE.

Defendant upon his arraignment upon an indictment for grand larceny,
interposed a special plea setting forth that the grand jury which had
found the indictment was not a legal grand jury, because it had
been drawn from a list of grand jurors selected by the recorder of
Albany under *L.* 1881, c. 532, amending Code of Civil Procedure,
§ 1041, and not from a list selected by the supervisors of Albany
county under the general provisions of the Revised Statutes. (2 R.
S. 720, § 1 *et seq.*) It was alleged in the plea that *L.* 1881, c. 532,
was unconstitutional in that it had not been reported to the
legislature by commissioners to revise the statutes, and was a clear
contravention of the State Constitution, art. 3, §§ 18 and 25, which
forbids the passing of a local bill, for selecting, drawing, summon-
ing or impaneling grand or petit jurors unless such bill is reported
to the legislature by commissioners appointed pursuant to law, to
revise the statutes. This plea was overruled by the court. *Held,*
that the act, *L.* 1881, c. 532, so far as it attempts to regulate the
selection, etc., of grand jurors for Albany county is unconstitutional
unless so reported by commissioners to revise the statutes, for the
reason that its effect was in defiance of the provision of the constitu-
tion to take Albany county out of the operation of the general
statutes of the state relating to grand jurors, and to substitute for
that county the special system applicable to that county alone.

Defendant offered to prove in support of his plea, by the journal of the
legislature and by the act itself, that it was not reported to the
legislature by commissioners appointed to revise the statutes. This
offer was rejected. *Held,* error. Whenever a question arises as to
the constitutionality of a statute, the question is in its nature, a judi-

cial one, and the court may resort to any source of information which is in its nature original evidence of any fact relevant to the inquiry.

Where the question of constitutionality depends upon extrinsic facts, the court may go behind the statute book and ascertain these facts.

The defendant upon the trial took the same objections, and offered the same proof against the panel of petit jurors, and raised the same questions as to the constitutionality of *L.* 1881, c. 532. These objections were overruled by the court. *Held,* that they were properly overruled, because so far as the act related to petit jurors in Albany county, it did not make a radical change in the already existing mode of selection, as in the case of the grand jurors, nor did it inaugurate a new local system for the selection of jurors; it only continued an existing one, changing it in one of its details,—the person upon whom was to devolve the nearly ministerial duty of making up the list of petit jurors.

The legislature cannot, under the guise of an amendment to a private or local bill, make a new and original enactment in evasion of a constitutional prohibition, although it may amend an existing local act in some of its details.

A grand jury of good and lawful men selected and drawn under color of law, is a good grand jury within the constitutional guaranty that no person shall be held to answer for a capital or otherwise infamous crime, unless on presentment or indictment of a grand jury (Const. art. I. § 6), although the law under which the selection was made is void.

When a defect in the constitution of a grand jury deprives it of the character of a grand jury in a constitutional sense, the court is bound to take notice of it, although no statute authorized it so to do, or even if a statute assumes to preclude the raising of the objection.

When the defect is not of that serious character, and the defendant may be held to answer the indictment without invading any constitutional right, then the question is merely one of procedure, and the right of the defendant to avail himself of the objection, is subject to the regulation and control of the legislature.

The present indictment having been found after the passage of the Code of Criminal Procedure, is governed thereby, and the plea interposed by the defendant not being one of those authorized by that Code, was properly overruled and denied.

A motion to quash and a motion to set aside the indictment were made, on the same grounds, and denied. *Held,* not error, these motions on these grounds not being among those authorized by the Code of Criminal Procedure.

Appeal from a judgment of the Supreme Court, in the third department, of November, 1882, affirming a judgment of the

Court of Sessions of Albany county, convicting the defendant of grand larceny.

The opinion of the supreme court at General Term was reported *ante,* page 198. The points of counsel are there fully given.

*N. P. Hinman* and *E. J. Meegan,* for appellant.

*D. Cady Herrick,* district attorney, for the people, respondent.

ANDREWS, J.—The defendant was indicted at the September term of the Albany county sessions, 1881, for the crime of grand larceny, committed on August 2, 1881. He was arraigned at the March term, 1882, and on his arraignment filed a special plea, setting forth in substance, that the grand jury which found the indictment was not a legal grand jury, for the reason that it was not drawn from any list of grand jurors selected by the supervisors of Albany county, but from a list of petit jurors, pursuant to chapter 532 of the Laws of 1881, which act is alleged in the plea to be unconstitutional, in that it is a local act for selecting and drawing grand juries in the city and county of Albany, and was not reported to the legislature by commissioners appointed to revise the statutes, and was passed in contravention of article 3, section 18, of the constitution, adopted in 1874, which forbids the passing by the legislature of a private or local bill, in certain enumerated cases, and among others, for "selecting, drawing, summoning or impaneling grand or petit jurors." The defendant accompanied his plea with an offer to prove the facts stated in the plea, and especially to prove by the clerk of the senate, by the commissioners appointed to revise the statutes, by the journal of the legislature of 1881, and by the original act itself, that the act was not reported to the legislature by any commissioner or commissioners appointed to revise the statutes.

The court overruled the plea and offer of proof, and the defendant's counsel thereupon moved the court to set aside the indictment upon the grounds set forth in the special plea, and

offered to prove the facts as before, which motion was denied, and this was followed by a motion to quash the indictment upon the same grounds, and upon the offer of the same proof, which motion was also denied. The defendant thereupon interposed the plea of not guilty, and a jury was ordered to be impaneled to try the issue. The defendant's counsel thereupon objected to the panel of petit jurors, on the ground of the unconstitutionality of the act of 1881, under which the list of petit jurors was selected, and offered to substantiate the facts hereinbefore stated, by proof. The court overruled the objection, and a jury was impaneled, and the trial proceeded, and resulted in the conviction of the defendant, of the crime charged in the indictment.

It will contribute to a clear understanding of the question raised in respect to the constitutionality of the act of 1881, to have in view the laws in force at the time of the passage of that act, regulating the selection of grand and petit jurors in the county of Albany. Prior to the act of 1881, grand jurors in the county of Albany were selected under the general provisions of the revised statutes. The list was prepared by the supervisors of the county (2 R. S. 720, § 1, et seq.), and was returned by them to the county clerk, who placed the names in a box, from which, from time to time, prior to the terms of the courts, the names of twenty-four persons were drawn, to serve as grand jurors. The petit jury list was also made up in accordance with the system prescribed by the general statutes for the selection of petit jurors in the counties of the state, with a single exception, viz.: the selection of persons in the city of Albany, to serve as petit jurors, instead of being made by the supervisor, assessors and town clerk, as provided in case of towns, was made by the supervisor and assessor of the respective wards, each ward being for that purpose considered as a town. This method of selecting petit jurors in the city of Albany, was first prescribed by the revised statutes (2 R. S. 413, § 23) and the provisions of the revised statutes upon that subject as to the city of Albany, were incorporated into the Code of Civil Procedure, passed in 1876, in the article relating to the mode of selecting, etc., trial jurors, as section 1041.

The next legislation on the subject of grand and petit jurors

in Albany county, was chapter 532 of the Laws of 1881, which is the act now in question. That act purported to amend section 1041 of the Code of Civil Procedure, by inserting therein the following provisions: " In the city of Albany, the recorder of said city shall perform the duties imposed by this title upon the supervisor, town clerk and assessors of towns. In Albany county, grand jurors shall hereafter be drawn from the box containing the names of petit jurors selected for said county, in the same manner as petit jurors, and hereafter no separate list of grand jurors shall be prepared for said county." This act, if valid, effected an entire change in the system of selecting grand jurors in Albany county. It abrogated the provisions of the revised statutes, imposing upon the supervisors of the county, the duty of preparing a list of grand jurors, and made the petit jury' list, *pro hac vice*, the grand jury list also. Thereafter there was to be neither a separate grand jury list, nor a separate box containing the names of persons selected as grand jurors. The change in respect to the selection of petit jurors, made by the act of 1881, was much less radical, and consisted simply in the substitution of the recorder of the city of Albany, in place of the supervisors and assessors of the wards, to discharge the duty of preparing the jury lists in that city. The act of 1881, so far as it relates to the selection and drawing of grand jurors for the city and county of Albany, is a local act upon that subject, and is within the prohibition of article 3, section 18, of the constitution, unless excepted therefrom by force of section 25 of the same article. That section is as follows: " Section 25. Sections seventeen and eighteen of this article shall not apply to any bill, or the amendments of any bill, which shall be reported to the legislature by commissioners appointed pursuant to law to revise the statutes."

It is a part of the legislative history of the state, that prior to the adoption of the constitutional amendments of 1874, commissioners to revise the statutes, had been appointed by the legislature, who had from time to time made reports of their proceedings to that body, and when the constitutional amendments were adopted, they had not completed their labors, but were still engaged in the work of the revision.

The plain object of section 25, article 3, which was one of

the amendments adopted in 1874, was to exempt from the operation of section 18, private or local bills which had been, or should be reported by the commissioners. But with the exception of bills originating with the commissioners, and reported by them to the legislature, the prohibition of section 18 is absolute. The language of the section needs no interpretation. Construed in connection with section 25, it forbids the enactment of any private or local law by the legislature in cases enumerated therein, and not falling within the exception in section 25. The legislative power vested in the senate and assembly, is subject to the limitations of the constitution, and it needs no citation of authorities to show that the legislature, like every other department of the government, is subject to the supreme will of the people, as expressed in the organic law.

If the proof offered by the defendant in support of his plea, was admissible, and the facts offered to be proved, were established, there can be no doubt that the part of the act of 1881, relating to the selection and drawing of grand jurors in Albany county, is unconstitutional. The intention of the act was to take Albany county out of the operation of the general statutes of the state, relating to the selection and drawing of grand jurors, and to substitute for that county a special system, applicable to that county alone. But it is insisted by the counsel for the people that the unconstitutionality of the act cannot be established by proof *aliunde* that the act was not reported to the legislature by commissioners. We have no doubt that the presumption in favor of the constitutionality of statutes, applies in this case, and that in the absence of proof to the contrary, it will be presumed in support of the constitutionality of the act of 1881, that it originated in a bill reported by commissioners. But the question whether a statute is constitutional, is in its nature a judicial one. The question most frequently arises upon the face of the statute itself, and the question of constitutionality is determined by comparing the statute with the constitution. But it often depends upon extrinsic facts, not appearing upon the statute book. In cases involving the constitutionality of what are known as two-third bills, it has been held that the court may go behind the statute book, and look at the original

bill, to ascertain whether it was, passed by the constitutional majority. People v. Purdy, 2 *Hill*, 31; S. C., 4 *Hill*, 384.

The case here is of the same nature, but arises upon a different limitation of legislative power. The proof offered did not contradict any facts asserted on the face of the statute, nor so far as appears in any legislative record. On the contrary, the offer was to show by the journal of the legislature, and by the original act, the facts averred in the plea. The constitution would afford very slight protection against legislative usurpation, and the object sought to be accomplished by the amendment in question, could be easily frustrated, if the mere fact that the legislature had passed a local or private bill in one of the enumerated cases, created a conclusive presumption that the bill was originally reported by commissioners, and was within the exception of section 25. The tendency of judicial authority supports the proposition that whenever a question arises as to the constitutionality of a statute, the court may resort to any source of information which in its nature is original evidence of any fact relevant to the inquiry. Purdy v. People, 4 *Hill*, 384; Gardiner v. Collector, 6 *Wall.* 499; Post v. Supervisors, 105 *U. S.* 667; Berry v. Baltimore, &c. R. Co., 41 *Md.* 446; Opinion of Justices, 52 *N. H.* 622.

This rule excludes all inquiry as to the motives of the legislature in passing the particular statute. Such an inquiry is wholly irrelevant, the only inquiry permitted being whether the enactment, the constitutionality of which is assailed, is forbidden by the constitution.

We think the offer to prove by the journal of the legislature and by the original act, that the act of 1881 was not reported by commissioners, was improperly overruled, and as the fact alleged must be deemed on this appeal to have been proved, the conclusion that the act so far as it relates to the selection and drawing of grand jurors, is unconstitutional, cannot be avoided.

The question of the constitutionality of the act of 1881, so far as it relates to the selection of petit jurors, depends upon different considerations. When the act of 1881 was passed, there was a local act then in existence, regulating the selection of petit jurors in Albany county. By the existing law, which was

enacted first by the revised statutes, and re-enacted by the Code of Civil Procedure in 1876, the selection of petit jurors in the city of Albany, was committed to the supervisors and assessors of the respective wards of the city. The only change made by the act of 1881, as has been said, was to make the recorder the selecting officer, in place of the supervisors and assessors. There can be no doubt that the act of 1881, by which this change was wrought, was a local law. The point to be determined is whether it was a local law for the selection of petit jurors, within the sense and meaning of article 3, section 18, of the constitution. It seems quite plain that the amendment of an existing local law regulating the selection of petit jurors, which simply transferred the power to select the petit jurors within the city, from one local officer or set of officers to another local officer, is not within the mischief at which the constitutional amendment was aimed. By the existing local law the city of Albany was taken out of the general plan. The legislature by the act of 1881, left this law in force, changing it only in the respect mentioned. The qualifications of petit jurors, were substantially resurrected in the Code in 1876. 2 *R. S.* 411, § 13; *Code Civ. Pro.* § 1027. It was made the duty of the selecting officers to select from the last assessment roll of the town (or city) and to make a list of the names of all persons whom they believed to possess the qualifications prescribed by the general statute. *Code Civil Pro.* § 1036. This duty was in the main ministerial, and in the city of Albany, prior to the act of 1881, was devolved upon the supervisors and assessors of the ward, and by that act, on the recorder.

We think it would be too strict a construction of the constitutional provision, to hold that no existing local law upon one of the subjects mentioned in article 3, section 18, of the constitution, can be amended in any detail, without violating the constitution. This question was considered to some extent by this court in the Rapid Transit cases. 70 *N. Y.* 327, 361. In the case first referred to, EARL, J., referring to the section of the constitution now in question, said, " these constitutional provisions do not prohibit a private or local bill to amend the charter of private corporations, by regulating powers, rights, privileges and franchises which it previously possessed," and in the case last

cited, CHURCH, J., referring to the same provisions, said, " They must be sustained and applied by a rational and practical construction, so as to subserve the purposes intended, and prevent the evils designed to be remedied, but not by an artificial and technical construction, to extend their application to cases never contemplated." It is a plain proposition, recognized in the cases referred to, and in the subsequent case (*In re* Brooklyn, &c. 75 *N. Y.* 335), that the legislature cannot, under the guise of an amendment of a private and local bill, make a new and original enactment in evasion of the constitutional prohibition.

The act of 1881 in reference to petit jurors, is not we think within this principle. It did not inaugurate a local system for the selection of petit jurors in the city of Albany, but, as we have said, continued an existing one, changing it in one of its details. Special laws have been passed, and are now in force, regulating the selection of jurors in the counties of New York and Kings. These laws extend to great detail, and contain many special provisions. It would be a dangerous construction of the constitutional provision which would prohibit any alteration in those and like statutes, and place it beyond the power of the legislature to amend any of their provisions.

The question before us is not free from difficulty, but one conclusion is that a reasonable and practical construction of the constitution upholds the act of 1881 in respect to the substitution of the recorder in place of the supervisors and assessors, to discharge the duty of preparing the petit jury lists, and that this conclusion fairly rests on the ground that the act is not in a proper sense an act for the selection of petit jurors, but a regulation of an existing local law on the subject, within the purview of the constitutional prohibition.

The next question which arises is whether the arraignment and trial of the defendant upon the indictment in question, was a violation of the constitutional guaranty that no person shall be held to answer for a capital, or otherwise infamous crime (except in certain cases mentioned, not material to the present inquiry), " unless on presentment or indictment of a grand jury." *Const.* art. 1, § 6. It is insisted on the part of the defendant that the body of men which found the indictment in question, was not a grand jury, that the paper filed as an in-

dictment was not an indictment, and that the defendant could not be held to answer thereto, or be put upon his trial thereon. In considering this question, it will be convenient in the first · place, to recall the actual facts. The objection to the constitution of the grand jury which found the indictment, lies solely in the fact that they were drawn, under the provisions of a void statute, from the petit jury list, whereas they should have been drawn from a list of grand jurors, specially selected to serve as such by the supervisors of Albany county. In all other respects the proceedings were regular. The jurors were drawn by the proper officer, they were regularly summoned and returned by the sheriff, they were recognized, impaneled and sworn as grand jurors by the court; and as grand jurors they found the indictment; and moreover they were good and lawful men, duly qualified to sit as grand jurors. None of these facts are negatived by the plea, and they must be assumed in determining the question before us.

The principle that no person shall be put upon trial for an infamous crime unless on presentment or indictment of a grand jury, has been regarded as one of the securities of civil liberty, and is embodied among the fundamental provisions of the federal and state constitutions. The institution of the grand jury has been said by high authority to be one of the barriers between the liberties of the people and the prerogatives of the crown. 4 *Blk.* 346. The interposition of a body of competent citizens charged to inquire of offenses between the individual and the finding of a formal accusation upon such inquiry, before he can be put upon his trial for an infamous crime, forms the substance of the right guaranteed by the law of England, and by the constitution of the state. But the constitution does not define what shall constitute a grand jury. It refers to the grand jury as an existing institution, and its essential character must be found by reference to the common law, from which it has been derived. By the common law a grand jury must consist of not less than twelve, nor more than twenty-three, and twelve must concur in finding an indictment; and they must be good and lawful men of the county. *Hawk. P. C.* vol. 2, ch. 25, § 16; *Chitty's Crim. Law*, vol. 1, 307. The constitution does not define the mode of selection,

and it has never been supposed that the states in adopting the common law institution of the grand jury, adopted the mode of selection which prevailed in England. In England grand jurors were formerly selected by the sheriffs (2 *Hawk. P. C.* ch. 25, § 16), but in this state the sheriff is the summoning and returning officer, and has no part in the selection or preparation of the jury lists; and it is doubtless competent for the legislature to enact such regulations and make such changes respecting the mode of selecting and procuring grand jurors, as it may deem expedient, not trenching, however, upon the essential feature of the system. People *v.* Stokes, 53 *N. Y.* 164.

We are of opinion that no constitutional right of the defendant was invaded by holding him to answer to the indictment. The grand jury, although not selected in pursuance of a valid law, were selected under color of law and semblance of legal authority. The defendant in fact enjoyed all the protection which he would have had if the jury had been selected and drawn pursuant to the general statutes. Nothing could well be more unsubstantial than the alleged right asserted by the defendant, under the circumstances of the case. He was entitled to have an indictment found by the grand jury, before being put upon his trial. An indictment was found by a body, drawn, summoned and sworn as a grand jury, before a competent court, and composed of good and lawful men. This we think fulfilled the constitutional guaranty. The jury which found the indictment was a *de facto* jury, selected and organized under the forms of law. The defect in its constitution, owing to the invalidity of the law of 1881, affected no substantial right of the defendant. We confine our decision upon this point to the case presented by this record, and hold that an indictment found by a grand jury of good and lawful men selected and drawn under color of law, is a good indictment by a grand jury within the sense of the constitution, although the law under which the selection was made, is void. It will be time to consider the extreme cases suggested by counsel, when occasion shall arise.

The remaining question relates to the right of the defendant to avail himself by plea, or objection in other form, of the defect in the proceedings in selecting or drawing the grand jury which found the indictment. If the defect in the constitution

of the tribunal, deprived it of the character of a grand jury in a constitutional sense, there can be no doubt that the court would have been bound to take notice of it, although no statute authorized it, or even if the statute assumed to preclude the raising of the objection. But when the defect is not of that character, and the defendant may be held to answer the indictment without invading any constitutional right, then the question is one of procedure merely, and the right of the defendant to avail himself of the objection, is subject to the regulation and control of the legislature. In times past courts have been inclined to go very far in sustaining technical objections in criminal cases, but there is much less reason for this, now than formerly, when comparatively trivial offenses were punished with the greatest severity. The indictment in question was found after the Code of Criminal Procedure was enacted and took effect, and the proceedings are governed by its provisions. We are of opinion that under the provisions of the Code, the court was justified in refusing to entertain the objections made. Section 238 prohibits any challenge to the panel or array of grand jurors, but the court is authorized in its discretion, for certain causes stated, to discharge the panel and order another one to be summoned ; section 239, provides for challenges to individual jurors. Both of these sections relate to proceedings to be taken before indictment, and are irrelevant to the present inquiry. Section 312 provides that in answer to an indictment the defendant may either move the court to set the same aside, or may demur or plead thereto. The causes for which the defendant may move to have the indictment set aside, are defined in section 313. Section 321 declares that the only pleading on the part of the defendant, is a demurrer or plea, and section 332 declares that pleas are of three kinds: (1) guilty ; (2) not guilty ; (3) a former judgment of conviction or acquittal.

The paper filed by the defendant was not a plea authorized by the section last mentioned,. and the motion to quash or set aside the indictment,.is not for any cause embraced in section 313. The Code by defining the causes for which the indictment may be set aside, must by the general rule of construction, be held to exclude the entertaining of the motion for other causes than those specified. The intention of the Code was to discourage

technical defenses to indictments, not affecting the merits, as is apparent from the sections cited, as well as the provisions relating to amendments, and the proceedings on the trial. *Code Crim. Pro.* § § 293, 362. This general purpose is more directly indicated by section 285, which declares, "that no indictment is insufficient, nor can the trial, judgment or other proceedings be affected by reason of an imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendant upon the merits.

We think the objection to the grand jury was not one which, by the new procedure, the defendant could take after indictment, and, as it involved no constitutional right, that it was properly overruled.

These reasons lead to an affirmance of the judgment

All concur.