CHARLES H. FORT, Appellant, *v.* TERRENCE CUMMINGS, Supervisor of the Town of Watervliet and Others, Respondents.

90h 481
f62ad432
90h      481
69 AD¹315

*Constitutional law — chapter 975, Laws of 1895, dividing the town of Watervliet, is constitutional — an authorized act may contain anything germane to its subject — an act providing for the election of supervisors in a new town is not a "local bill" within sections 16 or 18 of article 3 of the Constitution.*

Every presumption is in favor of the constitutionality of an act of the Legislature, and if it and the Constitution can be so construed as to enable both to stand and each can be given a legitimate office to perform, it is the duty of courts to give them such a construction.

In construing an act of the Legislature, in connection with the Constitution, that portion of the Constitution with which it is supposed to conflict must be read in connection with the other parts of the Constitution, all parts of the Constitution being given effect; and when there is any apparent conflict between the different parts, the spirit and intent of each must be examined to determine whether there is a conflict in intent; and, if there be no such conflict, although the language may conflict, the full effect intended by the framers of the Constitution is to be given to all parts of that instrument.

Chapter 975 of the Laws of 1895, relative to the division of the town of Watervliet, in the county of Albany, and the erection from it of the town of Colonie and the new town of Watervliet, is constitutional.

The provision of section 5 of article 3 of the State Constitution that "nothing in this section shall prevent the division at any time of counties and towns, and the erection of new towns by the Legislature," is almost, if not quite, an express grant of the power to erect a new town.

Where the Legislature has power to enact a law, it may embrace in that law everything which is germane to the main subject of the enactment; and a local bill does not violate section 16 of article 3 of the State Constitution, requiring such a bill to embrace but one subject which must be expressed in its title, where, after erecting a town, it contains other provisions initiating a government for the town and providing for the selection of proper officers.

Section 18 of said article 3, prohibiting the passage of a local bill for the election of town supervisors, is not violated by chapter 975 of the Laws of 1895. The latter act is not a local act providing for the election of supervisors within the meaning of the Constitution; such is not the purpose of the act; the election of supervisors is only a necessary incident of the act and is not its main subject or purpose.

The object of the various provisions of that section of the Constitution was to put an end to special legislation, and its prohibition does not relate to new political subdivisions of the State created by special acts of the Legislature.

APPEAL by the plaintiff, Charles H. Fort, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 12th day of August, 1895, denying the plaintiff's motion for an injunction *pendente lite.*

*James W. Eaton,* for the appellant.

*Arthur L. Andrews,* for the respondents.

HERRICK, J. :

In 1895 the Legislature passed an act known as chapter 975 of the Laws of that year, entitled as follows : " An act to divide the

town of Watervliet, in the county of Albany, and to erect the town of Colonie out of the part set off from the said town of Watervliet."

Section 1 of said act designates what portion of the former town of Watervliet shall constitute the town of Colonie.

Section 2 provides that the remaining portion of said former town of Watervliet shall constitute the town of Watervliet.

Section 3 provides when and where the first town meeting of the town created by such act shall be held, and designates persons to preside at such town meeting, and confers upon them the right to exercise the same powers as justices of the peace when presiding at town meetings.

Sections 4, 5, 6 and 7 provide for the officers to be elected at such town meeting, and the terms for which they shall hold office.

Section 8 provides for a division of the property, both real and personal, of the former town of Watervliet, between the new town created by the act and the new town of Watervliet; such division to be made in the manner provided by section 3 of article 1 of chapter 20 of the general laws of the State of New York, known as the Town Law (Chap. 569 of the Laws of 1890), and provides for the payment of the "debts owed by the town of Watervliet, divided by this act, in the same manner as provided by section four of the said town law."

Section 9 provides that the town created by such act shall be governed by chapter 20 of the general laws of the State, known as the Town Law, except as otherwise provided in the act.

Pursuant to said act the persons named therein for that purpose presided at the town meeting, and at such time there were elected a supervisor, town clerk and four justices of the peace, being the defendants Collins, Groat, Dayton, Woodward, Stedman and Miller.

The plaintiff and appellant commenced this action, alleging that he is a taxpayer and resident of that portion of the town of Watervliet which under said act continues to be known as the town of Watervliet, and alleging that the former town of Watervliet was possessed of property to the amount of several thousands of dollars, and that the town board of the new town of Colonie and of the new town of Watervliet propose to meet and divide such property and apportion the same between the two towns, as provided for in said act. He charges that the act dividing the old town of Water-

vliet and creating the new town of Colonie is unconstitutional and void, and prays for an injunction restraining such town boards from meeting, dividing and apportioning such property.

Without passing upon his right as a citizen and taxpayer of said town to have and maintain such an action, if such act is unconstitutional, but assuming that he has such right, I will proceed to an examination of the other questions involved.

The action of the plaintiff is based entirely upon the alleged unconstitutionality of chapter 975 of the Laws of 1895.

Every presumption is in favor of the constitutionality of an act of the Legislature. Before an act of the Legislature will be declared unconstitutional, a case must be made "showing clearly that the statute, when fairly and reasonably construed, is brought into conflict with some provision of the Constitution. * * * If the act and the Constitution can be so construed as to enable both to stand, and each can be given a legitimate office to perform, it is the duty of the court to give them such construction." (*People ex rel. Killeen* v. *Angle*, 109 N. Y. 567; *Sweet* v. *City of Syracuse*, 129 id. 316–329.)

The appellant contends that the act is unconstitutional, because it is a local act providing for the election of a member of the board of supervisors, and for the opening and conducting of elections, and designating a place of voting, in defiance of article 3, section 18, of the Constitution; and also because it provides for the election of four justices of the peace for terms of one, two, three and four years, and is, therefore, in conflict with section 17 of article 6 of the Constitution, which provides that the electors of the several towns shall, at their annual town meetings, or at such other times and in such manner as the Legislature may direct, elect justices of the peace, whose terms of office shall be for four years; and his contention is that, it being necessary for the towns to have town officers, the manner of their election is an integral and necessary portion of the act, and that if the portion thereof providing for their election is unconstitutional, that then the whole act is unconstitutional and void; that one portion of it cannot be separated from the other.

If they can be separated, so that the provisions for the town government and the election of the town officers can be separated from

the erection of the town itself, he contends that then the bill is a violation of section 16 of article 3 of the Constitution, which provides that a local bill shall embrace but one subject, which shall be expressed in the title.

The argument made in support of these contentions is ingenious and forcible; but one portion of it, as will be hereafter seen, perhaps goes too far and concedes too much.

The appellant concedes the power of the Legislature to divide existing towns and to create new ones.

Section 5 of article 3 of the Constitution, reading as follows: "Nothing in this section shall prevent the division at any time of counties and towns, and the erection of new towns by the Legislature," is almost, if not quite, an express grant of such a power, although such power would exist in the Legislature unless there was a prohibition against it in the Constitution.

Where the Legislature has power to enact a law, it has the power to embrace in that law everything which is either necessary or proper to make it a complete whole. It can embrace in it everything germane to the main subject of the enactment, and all necessary or proper details.

As has been said repeatedly in passing upon the question as to whether a local bill embraces more than one subject, under section 16 of article 3 of the Constitution, all matters germane to the subject expressed in the title may be included in the enactment.

"When the subject is expressed, all matters fairly and reasonably connected with it, and all matters which will or may facilitate its accomplishment are proper to be incorporated in the act and are germane to the title." (*Astor* v. *Arcade Ry. Co.*, 113 N. Y. 93–109; *Sweet* v. *City of Syracuse*, 129 id. 316–333.)

The same reasoning applies to the power of the Legislature to pass a law upon any particular subject; it has power to include in the law anything germane to the subject.

In the creation of a new town something more is necessary than merely to provide boundary lines; a town government must be provided for, and town officers; they cannot be left to create themselves; there must somewhere be a starting point, some method provided for electing or appointing them; and all these things, the creation of the offices, the provisions for the manner of filling them,

are, as stated by the appellant, integral and necessary parts of an act providing for the creation of a new town; they are germane to the main purpose of the act; they are necessary and constituent elements of any law creating a new town.

This same contention was made in the case of *The People ex rel. Clancy* v. *Board of Supervisors* (139 N. Y. 524), where, under the provisions of a charter for the city of Yonkers, providing that the supervisors should be elected in a different manner from that provided for in the general law, it was held that the section of the Constitution prohibiting the passage of any local bill for the election of supervisors did not apply to cities because cities acquire corporate life by force of special, several and purely local acts of the Legislature, which creates and frames them in the regular exercise of governmental functions. That the Constitution permits that mode of organization of cities, and that that permission must necessarily extend to and cover all the proper subjects of a city charter, among them the division into wards, and the allowance of a supervisor in each or in so many of them as may be prudent or satisfactory, and that the law that so creates and charters and organizes a city is not, within the constitutional meaning, a local law providing for the election of members of the board of supervisors.

So here the Constitution permits and authorizes the Legislature to create towns; and new towns like a city owe their corporate life to special, several and purely local acts of legislation, either by the Legislature of the State or the legislature of the county; and in the creation of new towns, it being necessary to provide for the election of supervisors and other town officers, it seems to me that such act is not a local act providing for the election of supervisors within the meaning of the Constitution. That is not the purpose of the act; it is not the act itself; it is only a detail and necessary incident of the act, but is by no means the main subject or purpose of the law.

The same reasoning applies to all the objections to the act that are made as being in violation of section 18 of article 3 of the Constitution. The objection that that portion of the act which provides that the justices of the peace shall be elected for terms of one, two, three and four years, respectively, is void as being in conflict with section 17 of article 6 of the Constitution, which provides that

justices of the peace shall be elected for the term of four years, I will not discuss, for if my conclusion is correct, that the act as a whole is constitutional and properly provided for an election of town officers, then, if it be conceded that there was no power to shorten the term of any of them, it would follow that they were elected for terms of four years each, as the Constitution provides.

The object and intent of the various provisions of section 18 of article 3 of the Constitution was to put an end to special legislation, and to have uniform general laws upon the subjects mentioned in that section. In the nature of things that intent could not be expected to exist in relation to new political subdivisions of the State, counties, cities and towns, which are created by special acts of legislation; the evil intended to be prevented by the section referred to could not exist before, or even at the time, new cities, towns and counties came into existence. And the prohibition could only apply to acts of legislation in relation to political subdivisions of the State in existence when such acts were passed.

In construing an act of the Legislature in connection with the Constitution, that portion of the Constitution with which it is supposed to be in conflict must be read in connection with other parts of the Constitution, and all parts of the Constitution must be given force and effect, and when there is any apparent conflict between its different parts, the spirit and intent of each must be looked into to see if there is any conflict in intent, and if there is no conflict in spirit and intent, although there may be an apparent one in language, then there is no difficulty in giving the full effect intended by its framers to all parts of the instrument.

In giving construction to the various provisions of section 18 of article 3, the Court of Appeals in a number of cases has given a practical rather than a literal construction to the language used. (*Gilbert Elevated Ry. Co.,* v. *Anderson,* 3 Abb. N. C. 437; *People ex rel. Bd. of Commrs.* v. *Banks,* 67 N. Y. 569; *People* v. *Petrea,* 92 id. 128; *People ex rel. Clancy* v. *Board of Supervisors,* 139 id. 524.)

The construction here indicated is a practical construction that preserves to the Legislature the full power to create new towns and, as a necessary and integral part of that power, the power to provide for the organization of its town government. This power

is in its nature a special power to be exercised by special acts of legislation.

And it preserves the spirit and intent of section 18 by confining it to political subdivisions of the State already in existence, and as to which, and which only, special legislation is to be feared.

For these reasons, I think, the order appealed from should be affirmed.

