THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FREDERICK C. BLOCK, Defendant.

County Court, Special Term, Madison County, November 1, 1947.

*Howard Zeller, District Attorney,* for plaintiff.

*William D. Kiley* and *Frederick C. Block,* in person, for Frederick C. Block, defendant.

CONLEY, J. On September 19, 1947, the defendant was held for action of the grand jury upon a charge of robbery, first degree.

On October 8, 1947, the defendant was indicted by a grand jury of Madison County for the crimes of robbery, grand larceny and assault.

On arraignment the defendant moved for a dismissal of the indictment on the grounds, first, that the Grand Jury was not sworn, and second, that included in the Grand Jury was one member who was not qualified to serve because that grand juror's name did not appear upon the last assessment-roll, as provided by section 229-b of the Code of Criminal Procedure.

The first objection can be disposed of by examination of the minutes of the clerk of the court. These minutes indicate the proper oaths were administered to the Grand Jury by the clerk and this is conclusive.

On the second objection the facts involved are not in dispute. The juror possessed all of the qualifications required by the Judiciary Law [§ 502 as to trial jurors]. The only qualification which this juror did not meet was that requiring grand jurors' names to have appeared on the last assessment-roll. Admittedly this is a highly technical qualification not affecting the integrity, character, judgment, fairness or ability of the juror to serve. No question was raised until after the indictment involved here

was found and the Grand Jury had completed its work and filed its report.

The Constitution of the State (art. 1, § 6) provides that no person shall be held to answer for an infamous crime unless on an indictment of a grand jury.

The Legislature, by statute (Code Crim. Pro. § 229-b), has prescribed the qualifications of a grand juror. In addition to possessing all the qualifications required to serve as a trial juror, a grand juror's name must have appeared on the last assessment-roll.

Section 237 of the Code of Criminal Procedure provides: "The district attorney in behalf of the people, and also a person held to answer a charge for crime, may challenge an individual grand juror."

Section 239 of the same Code sets forth the causes for such a challenge, in the following language:

" A challenge to an individual grand juror may be interposed for one or more of the following causes and for these only:

" 1. That he is a minor.

" 2. That he is alien.

" 3. That he is insane.

" 4. That he is the prosecutor upon a charge against the defendant.

" 5. That he is a witness for either party, if the court is satisfied in the exercise of a sound discretion that he can not act impartially and without prejudice to the substantial rights of the party challenging.

" 6. That a state of mind exists on his part in reference to the case or to either party, which satisfies the court, in the exercise of a sound discretion that he can not act impartially and without prejudice to the substantial rights of the party challenging."

Note the word "and for these only". If the Legislature intended to allow a challenge for any reasons other than those listed in the above section no such emphasis would have been employed.

It is well-settled law that there can be no challenge to an individual grand juror after the finding of an indictment (*People v. Petrea,* 92 N. Y. 128); and that a grand jury must be challenged, if at all, before it is sworn (*People v. Nugent,* 57 App. Div. 542).

Defendant does not claim the grand juror in question did not possess all the other qualifications necessary to serve — lacking only the technical qualification as to the juror's name not appearing on the assessment-roll.

The Legislature did not say that only jurors whose names appeared on the last assessment-roll were competent to serve, but says that the supervisors shall select as grand jurors those who possess, or who they have reason to believe possess, the stated qualifications. There is a distinction between this direction to the supervisors and a condition precedent to the competency of an individual to serve.

There are many cases which hold that only substantial compliance with the provisions of the statutes will be exacted by the courts. An indictment by a body, summoned and sworn as and having the essential character of a grand jury is not nullified by a technical defect in the constitution of that body not prejudicial to the rights of the accused. (See *People* v. *Youngs,* 151 N. Y. 210; *People* v. *Hooghkerk,* 96 N. Y. 149; *People* v. *Petrea,* 92 N. Y. 128, *supra,* and cases cited therein.)

I fail to see where any of the defendant's constitutional guarantees have been impaired, or any of his substantial rights have been affected by this one juror sitting on the grand jury.

A case directly in point is *People* v. *Jewett* (6 Wend. 386). While this case was decided in the year 1831, after thorough search I believe it is the controlling law on this point in this State. The defendant demurred to an indictment on the ground that one of the grand jurors by whom the indictment was found did not possess the statutory qualification of owning property.

The reasoning in that case can be directly applied to the case at bar. The court said (pp. 389–390): " When this case was before the court upon a former occasion, on a motion to quash the indictment, 3 *Wendell,* 314, it was held that an indictment once found would not be quashed, because a valid exception or challenge might have been interposed to one of the grand jurors. If the exception is not taken before the indictment found, it will not afterwards be heard; and this, although the defendant was not recognized to appear at the court at which the indictment was found, and had no knowledge that any complaint would be preferred against him. It was there said that no authority was to be found of such an exception after indictment, and that the inconveniences and delay which would ensue in the administration of criminal justice, if an indictment could be set aside on the ground that a valid exception might have been taken to one of the grand jurors, forbid the establishment of such a principle.

" I apprehend a verdict, either in a civil or criminal case, would not be set aside merely on the ground that one or more of the jurors had not the property qualification required by law. It very frequently occurs that such mistakes are made in the panel; and jurors undoubtedly sometimes serve without the

[redacted]

requisite legal qualifications. But if the objection is not raised when the jury is drawn, the parties are concluded, although the fact may not have come to their knowledge until after the trial. I speak of strictly legal and technical objections, not of objections which go to the character of the juror, and show that he labored under prejudices and prepossessions which rendered him incapable of acting impartially in the case, and that in all human probability there has not been a fair trial. I have no doubt that cases of that description might exist, in which it would be competent and proper for the court to set aside a verdict; but they must be characterized by very strong and peculiar circumstances. The character of the petit jurors who are to pass definitely upon the guilt or innocence of the accused, is obviously of much more importance to him than that of the grand jurors, who simply prefer the complaint in the form of an indictment.

"The objection presented by the plea to the indictment in this case, is simply that one of the grand jurors was not a freeholder, &c. This, in a civil case, would not be a sufficient ground, *per se,* for setting aside the verdict of a jury although the law expressly requires that petit jurors shall be freeholders. Much less ought it to prevail against an indictment, for the reasons which have already been stated."

The courts must do everything possible to guard and protect the substantial rights of accused persons, but the People also have rights to be protected. If indictments are to be dismissed on mere technicalities which in no way affect the rights of the accused persons, no indictment would ever be secure and would always be subject to attack.

An indictment is merely a finding by a grand jury that reasonable grounds exist to believe a crime has been committed. It is an accusation only, and not a determination or conviction.

Defendant's counsel has not presented any authorities in support of his motion. He points out that the cases cited by the District Attorney, and some of which are relied upon by this court, were decided prior to the date of the adoption of the language in section 229-b of the Code of Criminal Procedure requiring grand jurors' names to have appeared on the last assessment-roll, and therefore are not applicable here.

I cannot agree with this contention. In *People* v. *Jewett* (6 Wend. 386, 388–389, *supra*) the court in discussing the statute then in effect said: "It was by that act made the duty of the supervisors of the several counties, at their annual meetings, to select the grand jurors for the following year, and to prepare a list, to contain not less than double. nor more than four

times as many names as shall be required for all the courts of general sessions and oyer and terminer, to be holden in each county during the following year; and the act then provided as follows: ' and the said supervisors are hereby strictly enjoined and required to select and place in such list the names of such men only as they *shall know, or have good reason to believe, to be possessed of the necessary property qualifications to sit as petit jurors in such county, and to be men of approved integrity, of fair character, of sound judgment, and well informed.*' It is very evident that this provision of the statute is merely directory to the supervisors. The very form of the expressions used most clearly indicates it. They are strictly *enjoined and required* to select, &c. It is impressed upon them as a duty, to select such men only as possess, or *as they have reason to believe possess,* the qualifications enumerated in the statute; that is, property, approved integrity, fair character, sound judgment and information. The want of integrity, or judgment, or information, would be, so far as this statute is concerned, as valid a ground of objection to a grand juror as the want of property. They are all put upon the same footing; and I imagine it would hardly be contended that it would be a good plea in avoidance of an indictment, that one or more of the grand jurors were not men of fair character or sound judgment, or well informed. The statute does not say that none but men of that description shall be competent to sit as grand jurors; but it enjoins it as a duty upon the supervisors to select men who possess, or who they have reason to believe possess such qualifications. The distinction between a mere direction to a ministerial officer in a case like this, and a condition precedent to the competency of an individual to serve as a grand juror, is too obvious to require illustration; and the intention of the legislature is too clear to admit of any doubt.''

The provisions of the statute in effect at the time of the *Jewett* decision (*supra*) contain more strongly worded directions to the supervisors than those contained in section 229-b of the present Code. The circumstances in that case are identical with the present case, and the reasoning of that court in construing the statute there can be applied with equal force and effect to the present case. If the lack of a technical qualification in the *Jewett* case under the statute in effect at that time was insufficient to dismiss that indictment, this court must hold that the technical disqualification in the present case is likewise insufficient.

On all the facts and the authorities cited, the motion to dismiss the indictment is denied,