In the Matter of Kearn J. Mullen, as Foreman of a Grand Jury for the County of Queens, Petitioner, against William P. McDonald, Respondent.

County Court, Queens County, October 20, 1942.

*John J. Bennett, Jr., Attorney-General (John Harlan Amen of counsel), for motion.*

*Littleton & Levy* opposed.

Colden, J. This is an application brought by Kearn J. Mullen, as foreman of the grand jury for the September, 1940 term of this court for an order adjudging the respondent, William P. McDonald, guilty of a criminal contempt of court for alleged contumacious and unlawful refusal to be sworn as a witness pursuant to a subpœna duly served upon him and to answer legal and proper interrogatories and questions.

The respondent was served with subpœna to appear before the grand jury for the September, 1940 term of this court on June 30, 1942. The respondent appeared before the grand jury at the time and place specified in the subpœna and declined to be sworn or to testify. Instead, he presented a letter in which he stated in substance that upon the advice of counsel he respect-

fully declined to be sworn or to testify for the reason that the September, 1940 term of this court was not properly continued after the month of March, 1941, and by virtue thereof that this grand jury is not legally or duly constituted, and is without power to administer a legal oath or to confer upon the witness the immunity to which he would otherwise be entitled under the law by reason of any testimony which he might give.

The respondent further advised in said letter that he did not intend to be disrespectful or contemptuous, and that he was acting solely upon the advice of counsel who had informed him that it was necessary for him to adopt this course in order to test the power and jurisdiction of this grand jury. The respondent further stated that when this point was settled by the courts, if the jurisdiction of the grand jury is upheld, he will comply with the subpœna.

The respondent concedes that there is no question as to the validity of the power and jurisdiction of the grand jury from September through and including the month of February, 1941. His contention is that after the month of February, 1941, or in any event after the 6th day of March, 1941, that the September, 1940 term had ceased and with it the power and jurisdiction of the September, 1940 grand jury.

The September, 1940 grand jury of this court was the regular grand jury for the September, 1940 term. The Assistant Attorney-General, the Honorable John Harlan Amen, was conducting a city-wide investigation, acting in Kings county under an order of the Governor, and in Queens and other counties by virtue of his authority as Assistant Attorney-General. The Queens county matters were presented to the September, 1940 grand jury which, on September 30th, was continued for the months of October, November and December, and on December 19, 1940, was continued for the months of January and February, 1941. A great many hearings were held by the grand jury and some of the grand jurors requested to be relieved. In deference to this request an order was made by this court on February 25, 1941, directing the clerk to summon ten additional grand jurors "to attend and appear at the September, 1940 Term of the County Court, Queens County, at the County Court House, in the County of Queens, City of New York, on the 6th day of March, 1941." Thereafter, on the said 6th day of March, 1941, ten designated persons were sworn as members of the September, 1940 grand jury, and the grand jury was ordered "continued until further order of the Court." Thereafter, and up to the submission of the argument of this motion, the grand jury held sixty-three meetings and heard 153 witnesses.

The contention of the respondent is that the court erred in continuing the grand jury until "the further order of the Court" instead of continuing the grand jury to a specified future day, and relies upon the provisions of section 7 of the Judiciary Law (Cons. Laws, ch. 30) which provides that " any term of a court of record may be adjourned from day to day, or to a specified future day, by an entry in the minutes. Any judge of the court may so adjourn a term thereof, in the absence of a sufficient number of judges to hold the term." Both the Attorney-General and the respondent rely upon the case of *Matter of Reynolds* v. *Cropsey* (241 N. Y. 389). This court is of the opinion that the validity of the continuance of the term of court and of the grand jury does not depend upon the form of words used but rather upon the fact that there was business to be done, that it was necessary to keep the grand jury active while business was before it for disposition, and that so long as the grand jury was actively engaged in the work committed to it that the validity of its work could not be denied because the court chose to direct its continuance until such time as the court, by order, brought its work to a close. The fact that sixty-three meetings have been held and 153 witnesses have testified indicates that the grand jury has been active, and it is common knowledge in this county that the Assistant Attorney-General presented many matters for the consideration of the grand jury during the months which followed March. 6, 1941. This court is of the opinion that the decision in *Matter of Reynolds* v. *Cropsey* (*supra*) indicates that where there is an active, functioning grand jury transacting a large amount of business, the form adopted by the court for the continuance of its functions is not important. We have progressed a great distance from the time when failure to dot an " i " or cross a " t " made legal proceedings invalid. While section 7 of the Judiciary Law indicates the procedure which may be adopted by a court, it certainly does not indicate that as the exclusive procedure. This court holds that the September, 1940 grand jury was, and still is, a duly and legally constituted grand jury possessing all the powers and jurisdiction by law provided for grand juries of this court, and that the respondent is in error in his conclusions to the contrary.

This court accepts the statement of the respondent that in declining to testify before the grand jury he did not intend to be disrespectful or contemptuous and that he was acting upon the advice of counsel in order to test the power and jurisdiction of this September, 1940 grand jury. And this court relies upon

his statement that upon the determination of the question raised by him that he will comply with the subpœna originally served upon him. Under these circumstances the court will decline to adjudge the respondent to be in contempt of court, but directs that he appear before the September, 1940 grand jury, that he be sworn, and that he answer all proper questions which may be put to him. Let the Attorney-General and the attorneys for the respondent agree upon the date when the respondent shall appear before the said grand jury, or, if they are unable to agree, let the Attorney-General advise this court as to the date of the next session of the September, 1940 grand jury, and this court will accordingly fix such date for such appearance.