In the Matter of WILLIAM P. MCDONALD, Appellant, against CHARLES S. COLDEN, a Judge of the County Court of the County of Queens, Respondent.

Argued February 19, 1945; decided April 12, 1945.

*George Morton Levy, Walter G. McGahan* and *Irving Goldberg* for appellant. 1. A term of court cannot be continued by implication. (*People* v. *Sullivan,* 115 N. Y. 185; *People* v. *Jackson,* 205 App. Div. 202; *Matter of Spector* v. *Allen,* 281 N. Y. 251; *Matter of Reynolds* v. *Cropsey,* 241 N. Y. 389; *Saranac Land & Timber Co.* v. *Roberts,* 227 N. Y. 188; *Shields* v. *New York Oil Burner Co.,* 288 N. Y. 22.) II. The continuation of a regular term without date " until the further order of the court " is invalid and ineffective. (*Matter of Reynolds* v. *Cropsey,* 241 N. Y. 389; *Saranac Land & Timber Co.* v. *Roberts,* 227 N. Y. 188.) III. The court below misconstrued the purpose and effect of subdivision 3 of section 190 of the Judiciary Law. IV. A refusal to testify before a grand jury whose legal tenure has expired does not constitute a valid basis for a charge of criminal contempt. (*Matter of Spector* v. *Allen,* 281 N. Y. 251; *People* v. *Nugent,* 57 App. Div. 542; *The People* v. *Petrea,* 92 N. Y. 128.) V. The failure properly to continue a term of court may not be disregarded as a mere irregularity. (*Saranac Land & Timber Co.* v. *Roberts,* 227 N. Y. 188.)

*Nathaniel L. Goldstein, Attorney-General* (*William F. McNulty, Orrin G. Judd* and *Harry F. Karst* of counsel), for respondent. I. The September 1940 Grand Jury did not become *functus officio* at the end of February, 1941. II. The order of March 6, 1941, continuing the September 1940 Grand Jury " until further order of the Court," validly continued the legal existence of said Grand Jury after that date. (*Matter of Reynolds* v. *Cropsey,* 241 N. Y. 389; *People ex rel. Gracy* v. *Strohson,* 127 Misc. 199, 217 App. Div. 750; *People* v. *Sullivan,* 115 N. Y. 185; *People ex rel. Weick* v. *Warden,* 117 App. Div. 154, 188 N. Y. 549; *People* v. *Central City Bank,* 53 Barb. 412.)

LEHMAN, Ch. J. The appellant was served with a subpœna commanding him to appear on June 30, 1942, before the Grand Jury of the County of Queens, empanelled for the September 1940 Term of the County Court, " as a witness in a criminal action prosecuted by the People of the State of New York against ' John Doe ' and ' Richard Roe ' ". Upon his appearance before

the Grand Jury at the time and place specified in the subpœna he declined to be sworn and to testify upon the ground that the " September 1940 Term of the Queens County Court was not properly continued after the month of March, 1941, and that by virtue thereof your Grand Jury was not legally or duly constituted and was without power to administer a legal oath or to confer upon me the immunity to which I would otherwise be entitled under the law by reason of any testimony which I might give." An application was thereupon made to the court by the foreman of the Grand Jury for an order adjudging the appellant guilty of contempt of court pursuant to the provisions of section 750 of the Judiciary Law. The court on October 29, 1942, made an order which " adjudged that the said grand jury for the September 1940 Term of this Court was and is duly and legally constituted " and which directed the appellant on November 5th " to appear before said grand jury and be sworn and that he answer all proper questions put to him ". The appellant, on November 5, 1942, appeared but again declined to be sworn and to testify upon the grounds previously stated, and for that refusal he was adjudged guilty of a criminal contempt of court and was fined the sum of $250. By permission of this Court he has appealed from the unanimous order of the Appellate Division confirming · the determination of the County Court adjudging the appellant in contempt.

The Grand Jury for the September 1940 Term of the County Court of Queens County was empanelled on September 9, 1940, at the regular September 1940 Term of the court, established pursuant to an order made by the judges of that court. At that time an assistant Attorney-General specially appointed for that purpose was conducting an investigation in Kings County of possible criminal acts in connection with paving contracts made by the City of New York. In the course of the investigation it became apparent that he might find it necessary to invoke action by a grand jury in Queens County, and accordingly an assistant commenced to present evidence to the 1940 Grand Jury, summoned for the regular September 1940 Term of the County Court, which had theretofore considered matters presented by the District Attorney of the County not connected with the investigation of paving contracts. The problem presented upon this appeal is whether the September 1940 Term still con-

tinued and the Grand Jury empanelled for that term still functioned as an arm of the court in June and in November, 1942.

In the English common-law courts, terms were " instituted " or were " gradually formed from the canonical constitutions of the church ". It is said that in early times " the church interposed and exempted certain holy seasons from being profaned by the tumult of forensic litigations ". Later, when the State alone exercised authority in common-law courts, " the commencement and duration of our law terms were appointed with an eye to those canonical prohibitions ". (3 Blackstone's Com., ch. XVIII, 275, 276.) This court, speaking through Commissioners of Appeals, has said that in common-law courts as distinguished from courts of equity, " strict judicial business could only be transacted at these terms, though, after a time, many incidental matters were transacted out of court. (3 Blackstone's Com., 275, 279; Spelman's Origin of Terms, *passim*.) The terms of court, thus, have a purely historical character, and there is no reason, in the nature of judicial business, why they should exist, nor why such business should be confined to them." (*Brown* v. *Snell et al.*, 57 N. Y. 286, 300.)

Under the Constitution and statutes of New York, and generally throughout the United States, the general rule still is that " strict judicial business " should be confined to stated terms of the courts. " It is necessary that the times and places of holding courts be fixed in advance that jurors can be drawn therefor, and that notices can be given and the necessary steps taken to obtain jurisdiction of the parties in civil and criminal actions and proceedings " (*Saranac Land & Timber Co.* v. *Roberts*, 227 N. Y. 188, 193–194). The September 1940 Term of the Queens County Court was appointed for a fixed period and it ended with the expiration of that period unless it was continued thereafter in accordance with the law of the State. (*Matter of Reynolds* v. *Cropsey*, 241 N. Y. 389.)

The Judiciary Law, section 190, provides that " The county judge must, from time to time, appoint the times and places for holding terms of his court " and that " Each term may continue as long as the county judge deems necessary." In the case now under consideration it appeared during September, 1940, that the Grand Jury would not complete its consideration of evidence which the Attorney-General intended to present to it

during the period of time for which the September 1940 Term was appointed and accordingly, on September 30, 1940, the court directed that the September Term be continued for and during the months of October, November and December, 1940. The Grand Jury held regular meetings during these months and the minutes of the Clerk of the County Court show that on December 19, 1940, " the foreman of the September Grand Jury appeared in court and handed up one indictment (sixteen defendants) and one presentment and their duties not being completed, he was excused to continue the same. On motion of the District Attorney, the September 1940 Term of the County Court, Part II, and the Grand Jury for the September 1940 Term are continued during the months of January and February 1941 and until further order of the Court." The minutes of February 25, 1941, show that " the foreman of the September 1940 Grand Jury appeared in Court and handed up one indictment and their duties not being completed he was excused to continue the same ", and that the Clerk of the County of Queens was directed " to summon ten additional grand jurors according to law to attend and appear at the September 1940 Term of the County Court, Queens County, at the County Courthouse, in the County of Queens, City of New York, on the 6th day of March 1941 at 10 o'clock in the forenoon of that day: * * * ." On March 6th some members of the Grand Jury, who had asked to be relieved of further service, were excused and nine additional members were sworn in, and the jurors were directed " to inquire into " matters which would be brought before them but not to " consider any matters which have heretofore been examined by the Grand Jury up to the present time." An entry was made on March 6th in the clerk's minutes that " the September 1940 Grand Jury is ordered continued until further order of the court." The Grand Jury thereafter held weekly sessions except during the summer recess and considered evidence presented by the Attorney-General but no further entry was made in the minutes of the court prior to the dates in June and in November, 1941, upon which the appellant declined to be sworn.

The Judiciary Law, section 7, provides that " Any term of a court of record may be adjourned from day to day, or to a specified future day, by an entry in the minutes." It is the contention of the appellant that a term can be continued beyond the

fixed period for which it was appointed only by an entry in the minutes which complies substantially with that statute. He does not challenge the sufficiency of the entries in the minutes continuing the September 1940 Term until the end of February, but does challenge the sufficiency of the entries made on February 25, 1941, and on March 6, 1941. After the term of a court has been regularly convened the court has inherent power, not limited to that which is derived from the statute, to continue the term, at least so long as reasonably necessary to dispose of unfinished business and to adjourn it from day to day or to a specified date. The statute points out the " method of procedure " which all courts of record should ordinarily follow in adjourning a term of the court so that there may be a public record showing whether the court will be available for the conduct of judicial business and when and where it will hold its session; but failure to follow that method in continuing or adjourning a term does not always work a dissolution of the term. This court has said that at least in some circumstances even the " most rigorous rule of law " should not " compel a court to admit its loss of jurisdiction and the consequent failure of all proceedings taken before it," though the statutory method of adjournment may not have been followed. (*People* v. *Sullivan,* 115 N. Y. 185, 188.)

Though we have said above that the statutory method which the Legislature has directed should ordinarily be used " in continuing or adjourning " a term, yet literally the statute applies only to an " *adjournment* " of a term of a court of record to a future day. In *Matter of Reynolds* v. *Cropsey* (241 N. Y. 389, opinion by CRANE, J.), we pointed out that there is no valid distinction between a direction that a term should be " adjourned " without day and a direction that the term be " continued " without day, where at the time the direction is made, there remains no unfinished judicial business before the court, and the intent of the direction is to suspend all judicial business for an indefinite time in order to permit the court thereafter to take up and dispose of new matters in the discretion of the judge. Such a direction is, it is plain, an " adjournment " regardless of the label attached to it. In a separate opinion by HISCOCK, Ch. J., in which a majority of the judges concurred, the court there pointed out that the " cessation of the proceedings of a court "

in that case was " not a brief and temporary suspension of its activities keeping it alive for further business " but was " an abandonment of the term of court which results in its death and termination " (p. 400).

Here on the contrary there has been no " suspension " of the activities of the court beyond such brief periods as are customary and convenient in the conduct of judicial business by the court and the grand jury. The investigation initiated before the September 1940 Term of the court had not been finished at the end of September, 1940; it had not been finished on February 25, 1941. Regular sessions of the Grand Jury were suspended on that day solely for the purpose of obtaining additional jurors on March 6, 1941, who would continue the investigation, though only upon new evidence which might thereafter be presented.

We said in *Matter of Reynolds* v. *Cropsey* (*supra*, p. 394): " We do not mean to hold that the ending of a term of court is dependent entirely upon a form of words used by a clerk in making his entries." Here it appears beyond possibility of dispute that the court by its direction intended that there should be no cessation or even interruption of the work of the Grand Jury and that the term should be continued from day to day until the investigation was completed and the court had disposed of business which might be brought before it in connection with that investigation, or until the term was ended by further order of the court. Irregularity in the formulation of that direction or of the entry in the clerk's minutes under the circumstances did not dissolve the term.

The order should be affirmed, without costs.

LOUGHRAN, LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Order affirmed.