THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FREDERICK C. BLOCK, Defendant.

Supreme Court, Special Term, Madison County, January 20, 1948.

*William D. Kiley* for defendant.

*Howard Zeller, District Attorney* for plaintiff.

SANTRY, J. This is an application by the defendant, Frederick Carl Block, who was convicted after a trial in Madison County Court of the crime of grand larceny in the first degree and sentenced to a term of not less than three or more than six years in Attica State Prison, for a certificate of reasonable doubt pending an appeal to the Appellate Division of the Supreme Court.

The application is based on two general grounds. The first ground is the claim that the grand jury which found the indictment was illegally constituted, and that it was error for the court to deny the defendant's motion to dismiss the indictment.

The second ground is errors alleged to have been committed on the trial.

It appears that the name of one of the grand jurors did not appear upon the assessment roll as provided by section 229-b of the Code of Criminal Procedure, and that she was not the owner of real property. There is no question but that she was otherwise fully qualified.

The defendant first raised his objection to the legality of the grand jury after the jury had been sworn and the indictment against him had been found. He raised his objection by a

motion to dismiss the indictment, which was denied. Although held to answer to the Supreme Court prior to the formation of the grand jury, he interposed no objection to the panel or challenge to the individual juror.

His case was considered and the indictment was found at least by a *de facto* jury. His constitutional rights and guarantees were fully protected. He suffered no injury, substantial or otherwise.

The courts have refused to set aside indictments on purely technical grounds where no substantial rights of a defendant have been involved. (*People* v. *Nugent,* 57 App. Div. 542; *People* v. *Jewett,* 6 Wend. 388; *People* v. *Petrea,* 92 N. Y. 128; *People* v. *Cosmo,* 205 N. Y. 91; *People* v. *Scannell,* 37 Misc. 345.)

I have carefully read the entire record of the trial and find no basis for a reasonable doubt whether the judgment should stand. The defendant had a fair and impartial trial. His guilt beyond a reasonable doubt is established by an overwhelming volume of evidence, of which his own testimony contributed a substantial part.

There were, in my opinion, no errors committed on the trial which substantially invaded his rights, or would justify a reasonable doubt that the judgment of conviction should stand.

The application for a certificate of reasonable doubt under section 527 of the Code of Criminal Procedure is denied.