The People of the State of New York, Appellant, *v.* Alfred
W. Bishop, Respondent.

Third Department, November 22, 1961.

*George Boldman, District Attorney,* for appellant.

*John Lo Pinto* for respondent.

Gibson, J. The People appeal from an order of the County Court of Tioga County which vacated a judgment of conviction of carnal abuse of a child (Penal Law, § 483-a) purportedly rendered against defendant-respondent, and permitted him to

withdraw his plea of guilty and cancelled and expunged from the record all proceedings had or purportedly had under the indictment, from the time of defendant's purported arraignment on October 14, 1937 to the time of his purported conviction on November 12, 1937. The order was grounded upon the finding that no regular or other term of the court was in session on either October 14 or November 12 and that the proceedings were therefore unlawfully had before the then County Judge as a Judge out of court.

It is, of course, indisputable that the proceedings, consisting of arraignment, plea and sentence, could be had only before the court, at a regular or adjourned term thereof. (Code Crim. Pro., §§ 296, 333–335, 471, 482; *Matter of Rudd* v. *Hazard,* 266 N. Y. 302, 306.) Terms are to be fixed pursuant to section 190 of the Judiciary Law whereby it is provided that " 1. The county judge must, from time to time, appoint the times and places for holding terms of his court " and that " 3. Each term may continue as long as the county judge deems necessary." Section 6 of the Judiciary Law in pertinent part provides that " Any term of a court of record may be adjourned from day to day, or to a specified future day, by an entry in the minutes."

The County Judge did appoint Special and Trial Terms to be held in 1937 and it seems to be agreed that of the two Trial Terms so appointed, only that of November 15 was actually convened; and that of the 16 designated Special Terms, only those of April 19, May 17 and October 18 were actually convened. The minutes contain no entry as to any adjournment of any of the terms actually convened, either without day, or to a specified day, or from day to day or otherwise; but do disclose that at the regularly convened term of October 18 there was considerable criminal business before the court, that upon certain pleas of guilty sentence was specifically deferred to October 20, on which date sentence was imposed in three cases and in another " postponed for the time being ", that on October 26 an indictment was dismissed and on November 3 another was disposed of by a plea of guilty and imposition of sentence; following which, and on November 12, still prior to the assigned date of the next term, a direction for support payments previously made in an abandonment case was modified. On this same day, defendant-respondent appeared with his attorney, withdrew his plea of not guilty, pleaded guilty and was sentenced. Indorsements upon the indictment refer to defendant's arraignment on October 14, 1937 and to his plea of guilty on November 12, 1937, as occurring, in each instance, at an " Adjourned Term " of the court but, as has been indicated, the supposed

prior adjournments are not shown by the minutes. The proceedings on November 12 in respondent's case were, if otherwise valid, sufficient to constitute an arraignment or rearraignment, regardless of any infirmities in the purported arraignment of October 14, with the result that the November 12 date becomes the critical one; and the issue narrows to the question whether the term which had been convened on October 18, absent minutes of any specific dissolution on the one hand or of adjournments to future dates on the other, continued for the disposition of the appreciable volume of business actually handled during the ensuing period of 25 days, all prior to the term to commence three days later, on November 15. As was said in a case not directly in point, but of pertinence nevertheless: "Nothing but the most rigorous rule of law should, under the circumstances, compel a court to admit its loss of jurisdiction and the consequent failure of all proceedings taken before it." (*People* v. *Sullivan,* 115 N. Y. 185, 188.)

Under the common law, as has been recognized in this and other jurisdictions, a term, once regularly opened, and in the absence of a specific limitation or of any action or direction to the contrary, would continue in existence until the time lawfully fixed for the commencement of the next term. (*People* v. *Sullivan,* 115 N. Y. 185, *supra,* pp. 189, 190; *People* v. *Central City Bank,* 53 Barb. 412; *Harlan* v. *McGourin,* 218 U. S. 442; *Continental Petroleum Co.* v. *United States,* 87 F. 2d 91, cert. denied 300 U. S. 679; *Commonwealth* v. *Bannon,* 97 Mass. 214; *State ex rel. Barber* v. *McBain,* 102 Wis. 431, 435–436.) It becomes necessary, then, to consider the impact of the statute (Judiciary Law, § 6) upon this basic principle.

Section 6, providing that a term "may be adjourned" in the manner and by the means there provided, is not cast in the imperative, nor is it exclusive, so as to limit the court's "inherent power" to continue and dispose of its business; and actually, indeed, makes no provision respecting termination but "literally * * * applies only to an 'adjournment' * * * to a future day." (*Matter of McDonald* v. *Colden,* 294 N. Y. 172, 178.) The case cited further held (p. 178) that while the statutory procedure is that which courts of record "should ordinarily follow in adjourning a term"—this as a matter of public interest and concern—a failure in that respect "does not always work a dissolution of the term." In this case, there appears no basis for the conclusion that the term ended on the day that it convened, as would necessarily follow from respondent's argument, and such affirmative indications as do exist are to the contrary. Here, as in *McDonald* (*supra,*

p. 179), there was from time to time no more than a " ' temporary suspension ' " of the court's activities, such occurring during a comparatively brief period; and in the light of the minutes read and considered in their entirety an intention to keep the term open is manifest. We do not regard the reference in *McDonald* (*supra*, p. 178) to the court's inherent power to continue the term " *at least* so long as reasonably necessary to dispose of *unfinished business* " (emphasis supplied) as barring the conclusion that in this case the term was lawfully constituted and continued for all purposes, including new business, in the absence of any contrary direction or limitation or of any adjournment inconsistent therewith. (Cf. *Matter of Reynolds* v. *Cropsey*, 241 N. Y. 389, 392; *People ex rel. Weick* v. *Warden of City Prison*, 117 App. Div. 154, affd. on opinion in Appellate Division 188 N. Y. 549; *People ex rel. Sherman* v. *Adjourned Special Term*, 206 App. Div. 799.) From the opinion in *Weick*, upon which the Court of Appeals' affirmance was expressly based, it appears that the term was " ' continued to and until the third day of December, 1906, and thereafter until such business as may be and be brought before [the] Court is disposed of ' " (p. 155) and the court was held to have had jurisdiction of a case in which trial commenced on December 12, the opinion stating that as no time was fixed for ending the term it " continued until regularly adjourned by the justice designated to hold the term, or, in his absence, some other justice of the Supreme Court " and that " there was nothing either in the Constitution or the statute or in the appointment of the terms which provided when a term thus established should terminate, and thus each term continued until it was regularly adjourned without day " (p. 157). In contrast with the constitutional and statutory provisions whereby the power of appointment of terms of the Supreme Court, and hence some measure of control of their business and duration, is vested in the justices of the appellate divisions (N. Y. Const., art. VI, § 2) and, as respects extraordinary terms, in the governor (Judiciary Law, § 149), the power of the County Judge to appoint and to continue the terms of his court is autonomous and complete. (Judiciary Law, § 190, subds. 1, 3.) It is to be presumed, of course, that the power thus granted was properly exercised; and the general presumption of the regularity of judicial proceedings is effective in this case, absent any showing of an adjournment *sine die* or other termination of the duly designated and convened term.

Respondent relies largely on *Matter of Rudd* v. *Hazard* (266 N. Y. 302, *supra*) and *Matter of Reynolds* v. *Cropsey* (241

N. Y. 389, *supra*), which, however, appear readily distinguishable, as in each case the court was foreclosed of jurisdiction by its prior affirmative and specific action respecting adjournment. Thus in *Rudd* the adjournment of the term to a stated date deprived the court of jurisdiction of defendant's purported arraignment and plea on an earlier date; while in *Reynolds* (involving an extraordinary term appointed by the governor " and to continue so long as may be necessary for the disposal of the business which may be brought before it " [p. 392]), it was held (pp. 393–394, 400) that the direction that the term be " continued until further order of court " was the equivalent of an adjournment without day, and, additionally, that a subsequent purported " recess " followed by cessation of proceedings for many months was an " abandonment " of the term, resulting in its " death and termination ".

The order should be reversed, on the law and the facts, and the application denied.

Bergan, P. J., Coon, Herlihy and Taylor, JJ., concur.

Order reversed, on the law and the facts, and application denied.