Raymond C. Baratta, J.
This is a motion for an order dismissing Indictment No. 141/66 against the defendant, Alfred F. Widziewicz, Jr., upon the following grounds:
*814 “ 1. That the evidence adduced before the Grand Jury, upon which the indictment was based, was insufficient in law to warrant the finding thereof;
“ 2. That the Grand Jury received other than legal evidence and the indictment herein is not based upon legal evidence;
“ 3. That some of the evidence adduced before the Grand Jury was obtained as a result of a violation of the defendant’s rights as set forth in the Constitution of the United States and the Constitution of the State of New York ;
“ 4. That an unauthorized person was permitted to be present during the session of the Grand Jury while the charges embraced in the indictment herein were under consideration;
“ 5. That the Grand Jury which found the indictment herein had no legal authority to inquire into the crimes charged in that said Grand Jury was improperly constituted and convened.”
Defendant was indicted on the 15th day of August, 1966 in Indictment No. 141/66 as aforesaid, charging him with the crimes of murder in the first degree and grand larceny in the first degree, both felonies.
Defendant has earlier moved in this court for an order granting him leave to inspect the minutes of the Grand Jury for the purpose of bringing a motion to dismiss the indictment. In that motion defendant set forth the following grounds for relief:
íl 1. Evidence before the Grand Jury consisted of illegal and unconstitutionally obtained statements, admissions and/or confessions.
“ 2. Evidence was submitted before the Grand Jury which was the fruits of such illegally obtained statements, admissions and/or confessions and as such constitutes inadmissible evidence.
“ 3. That § 313 of the Code of Criminal Procedure was violated by the appearance before the Grand Jury of two witnesses at the same time and that as such the indictment against defendant was illegal.
“ 4. That in addition to the illegally obtained evidence before the Grand Jury, the only other evidence which could have been before said Jury, was testimony of an accomplice; that such evidence was not sufficient to sustain the indictment, absent valid corroborative evidence.
“ 5. That defendant was denied a preliminary hearing on the Murder charge.”
In the decision of this court dated January 20,1967 the defendant’s motion for an order granting him leave to inspect the minutes of the Grand Jury was denied. To the extent that the same demands were repeated in the present motion said motion is denied, although the court appreciates the reasons for the *815 repetition herein involved. Defendant raises additional grounds in the instant motion, however, which have not been raised in prior motions before the court; namely, that the Grand Jury which found the indictment herein had no legal authority to inquire into the crimes charged; in that said Grand Jury was improperly constituted and convened, and that the July 1966 Grand Jury was not extended by court order into August, 1966 and that the indictment was therefore void. Defendant’s attorney in his affidavit raises certain facts in support of these arguments:
“ 1. That the Appellate Division pursuant to legal authority designated the Terms of the County Court for the year 1966 for which a Grand Jury would be drawn.
6 ‘ 2. That pursuant to § 45 of the Code of Criminal Procedure and §190-c of the Judiciary Law the County Judge must appoint, from time to time, the times and places for holding terms of his Court.
“ 3. That § 190-e of the Judiciary Law requires that each appointment under § 190-c be filed in the office of the County Clerk.
“ 4. That as of January 17,1967 there was no designation of and appointment of terms for the year 1966 although there was filed in the office of the Dutchess County Clerk the terms of the Grand Jury aforesaid and a Statement of Terms which was filed by both County Judges on February 2,1966 and which allegedly does not comply with the requirements of §§ 190-c and 190-e of the Judiciary Law.
‘ ‘ 5. That the Grand Jury which indicted defendant was unable to act due to the fact that the County Court was not duly constituted in August of 1966.
“ 6. That even if the County Court was duly constituted- the Grand Jury acted illegally because as the July Grand Jury it had not been extended into August by a Court Order.
“ 7. That designations of and appointments of the Terms of County Court for the years 1966 and 1967 were in fact filed in the office of the Dutchess County Clerk on February 3, 1967 and February 6 & 7, 1967 respectively.”
In support of this argument defendant’s attorney contends that the filing requirements of section 190-e of the Judiciary Law are imperative; that the noncompliance with these requirements constitutes a violation of the due process and equal protection provisions of the State and Federal Constitutions.
The People in opposition contend (1) that under section 313 of the Code of Criminal Procedure the instant claim is not properly raised and (2) that the filing of the designation and *816 appointment of terms on February 3, 1967 was a proper filing and cured any defect that may have existed. People v. Glen (173 N. Y. 395) is the' leading case on the interpretation of section 313. There the court held (p. 400): “ So far as said section 3Í3 is intended to regulate only matters of procedure which involve no constitutional rights, it is valid and must be obeyed by the courts; but to the extent that it may destroy, curtail, affect or ignore the constitutional rights of a defendant, it has no force and is void. ’ ’
The crucial issue in this motion .is whether or not the claim of defective filing by the defendant herein is a procedural matter which does not involve constitutional rights. This court holds that the meaning of the Glen case must now be extended to include those cases which involve, “ procedural due process; ” for this nation has entered an era in our legal history where procedural due process is as scrupulously required as substantive due process. Defendant claims that the procedural defect which existed in this case falls within the constitutional safeguards of procedural due process. If he is correct section 313 will not be an effective bar to this motion, notwithstanding the fact that the present claim does not fall within the grounds set forth in that statute. Thus the court must decide whether or not late filing is proper filing and whether or not such late filing, even if proper under the statute (§ 190-e), violates the constitutional rights of the defendant.
There would seem to be no doubt that section 190-e of the Judiciary Law requires the filing of the appointment and designation of County Court terms prepared pursuant to section 190-c of the Judiciary Law. Section 190-c mandates the County Judge to appoint the time and place of holding court.
The question therefore arises as to whether section 190-c was complied with for the year 1966. Clearly it was. On the 9th day of November, 1965, County Judge John R. Schwartz prepared and submitted to the Appellate Division, Second Department, an order designating and appointing the terms of the County Court for the year 1966. Such order, which is set forth in this motion as defendant’s Exhibit No. 17, clearly complied with the requirements of section 190-c and did in fact appoint and designate the terms of the County Court for the year 1966. Inasmuch as a copy of this order was in the file of the County Court, this court and Judge Jiudice did not prepare another order pursuant to section 190-c for the ye.ar 1966 upon entering into the performance of their duties on January 1, 1966. The November 9, 1965 order was kept in the office of the Appellate *817 Division, Second Department, until February 3,1967 when it was filed in the office of the Dutchess County Clerk.
Chapter 684 of the Laws of 1962, effective September 1, 1962 was enacted to provide a system of administration for the new unified State court system now provided for in article YI (§11) of the New York Constitution, of which the County Court is a part. Section 1 of that act provided as follows: “ This act is declared to be a measure designed to carry into effect article six of the constitution creating a unified court system for the state, by providing an organizational structure for the administrative supervision of all of the courts comprising such system in order to improve the administration of justice, alleviate calendar congestion and delays in bringing cases to trial, utilize more fully the capacities of the judicial and the non-judicial personnel, and achieve a more uniform and efficient operation of the unified court system, its services and facilities.” Article 7-A of the Judiciary Law provides the statute law governing the administration of the courts of the unified State court system. Section 214 of that article provides that, ‘ ‘ Each appellate division shall, with respect to the courts in its department, be vested with, (1) * * * (2), subject to the limitations of the constitution and the provisions of law hereafter enacted specifically otherwise providing, all administrative powers and duties vested pursuant to any provision of law in any judicial or non-judicial personnel of the courts in its department.” It has been the interpretation of the Appellate Division of this Department that section 214 covers the administrative functions of the County Judge set forth in section 190 et seq. of the Judiciary Law. Thus the November 9, 1965 order was transmitted to the Appellate Division of this Department fox-approval and filing.
This court wholly concurs with the interpretation of sectioxx 214 held by the Appellate Division. Section 190-e does not require the Couxxty Judge to file his appoixxtment and designation of terms; it only states that such appoixxtment must be filed. Clearly such filing is an administrative function now resting in the Appellate Division of this Department. It should be xxoted that section 190-e was formerly section 192 of the Judiciary Law axxd was renumbered section 190-e ixx chapter 310 of the Laws of 1962. Clearly if there had been any intention in the Legislature of taking section 190-e from the control of section 214, such intention could have been expressed in the new section.
The xxext question presented to this court is whether the filing of the November 9, 1965 order oxx the 3rd day of February, *818 1967 by the Appellate Division complied with section 190-e. Section 190-e itself is silent as to whether or not filing was essential before the court could sit. Bearing in mind the fact that the November 9 order fully complied with the provisions of section 190-c, this court holds that section 190-e is not jurisdictional in nature and that late filing would not affect the power of the court to sit upon its appointed and designated terms. Section 190-e is directory (cf. People v. Youngs, 151 N. Y. 210 [1896]). People v. Nugent (57 App. Div. 542 [1901]), cited by the defendant, is no longer controlling. Indeed that decision supports the interpretation of the court at this time. The Nugent case dealt with section 45 of the Code of Criminal Procedure as it then existed. That court correctly determined that the publication and filing rules were prerequisites to the holding of a legally constituted term. This is no longer the case under section 45 as amended.
Prior to the amendment of section 190-e (then § 192) in 1923, there may have been different authority behind the filing requirement; for at that time it was also necessary to publish the appointment of terms under sections 190 and 191 of the Judiciary Law. Furthermore under the prior law, section 45 of the Code of Criminal Procedure also contained the following language : ‘ ‘ The order must be published in a newspaper printed in the county, for four successive weeks previous to the time of holding the first term under such order.”
Section 45 was amended so as to delete any reference to publication and filing. (Section 190-e [then § 192] was amended effective May 21, 1923; section 45 was amended May 21, 1923, effective September 1, 1923.) Therefore under section 45 as it originally existed it was clear that publication and filing were necessary in advance, in order to create jurisdiction in the County Court. The deletion of any reference to publication and filing leads this court to the opinion that advance filing under section 190-e is no longer necessary to create jurisdiction in the court as long as there is compliance with section 190-c and section 45, and as long as the appointment and designation of terms is subsequently filed pursuant to section 190-e. Likewise People v. Henry (111 Misc. 561 [1920]) is no longer controlling. That case also involved section 45 prior to its amendment in 1923. So also is People ex rel. Jimerson v. Freiberg (137 Misc. 314 [1930]) distinguishable; for in that case there was clearly no compliance with section 191 (now § 190-c) of the Judiciary Law. In this case the order prepared by County Judge Schwabtz and transmitted to the Appellate Division for approval duly complied with section 190-c of the law.
*819 Even if it were to be held that the late filing of the appointment and designation of terms deprived the court of jurisdiction when the July Grand Jury was convened, that would not be grounds for the dismissal of the indictment against the defendant. People v. Petrea (92 N. Y. 128 [1883]) is in point here. In that case defendant was indicted by a Grand Jury which had been selected in pursuance of an invalid law. The court upheld the indictment holding that (pp. 143-144) “ The jury which found the indictment was a de facto jury selected and organized under the forms of law. The defect in its constitution, owing to the invalidity of the law of 1881, affected no substantial right of the defendant.”
The Petrea rule has withstood the passage of time and remains controlling law in this State, People v. Nugent (supra) to the contrary notwithstanding. (See People v. Brophy, 304 N. Y. 391, 393-394 [1952] ; People v. Prior, 294 N. Y. 405, 416 [1945]; People v. Glen, 173 N. Y. 395, 400 [1903]; People v. Ebelt, 180 N. Y. 470, 477 [1905]; People ex rel. Heal v. Foster, 196 Misc. 441, 444 [1949]; People v. Block, 191 Misc. 94, 95 [1948]; People v. Carter, 4 A D 2d 879, 880 [1957]; People v. Youngs, supra, pp. 217-218, wherein the court held: 1 ‘ But even if this were otherwise, and it could be said that the designation of the terms of the court was not in strict compliance with the Constitution or the statute, the objection would not, we think, avail the defendant. The court in which the indictment was found was appointed to be held by the body which the Constitution and the statute had designated for that purpose. The grand jury was regularly drawn from the body of the county, summoned and sworn as provided by law. It was at least a de facto jury, selected and organized under the forms of law, and that was sufficient for the protection of all the defendant’s constitutional rights.”) People v. Nugent {supra) is distinguishable. In that case the defendant Nugent was tried and convicted by a court which had only de facto status. While Dutchess County Court may have been de facto at the time defendant was indicted, that claim can no longer be made. Thus the court which tries the indictment against defendant herein is a de jure court unlike the court in Nugent where the requirements of section 45 as it then existed were never complied with. (See, also, People v. Stern, 3 N Y 2d 658 [1958].)
The defendant’s claim that the Grand Jury which indicted defendant was not a Grand Jury because there was no July Term of County Court is therefore denied.
Turning now to defendant’s claim that the July Grand Jury was without power to find an indictment on August 15, 1966 *820 without having been extended by court order and that the resulting indictment was therefore null and void, the same is denied. The Appellate Division did file the six designated terms of the Grand Jury for the year 1966 prior to the indictment of defendant. Such designation provided in part for a July Term commencing July 5, 1966 and a September Term commencing September 6, 1966. The appointment and designation of court terms, however, was for 12 criminal terms which were to be held in part in July, commencing July 6, 1966, August, commencing August 1, 1966 and September, commencing September 6, 1966.
Grand juries which sit for the period of two months have been the custom in this county for several years and have received the approval of the Appellate Division. Section 244 of the Code of Criminal Procedure contemplates that a Grand Jury is discharged on the opening day of the next term of court for which a Grand Jury has been designated and on completion of business before it. Thus, unless adjourned prior to that date, sine die, the July Grand Jury had power to sit and transact business until the next term of court at which another Grand Jury was impanelled, that is September 6, 1966. Section 244 also provides for a further extension, but only upon court order.
That there was a designated August 1966 Term of the County Court to handle criminal matters is not crucial here; for section 244 thoroughly provides for the adjournment of the July court term until the first day of the next term of court for which a Grand Jury had been designated, namely September 6, 1966. Furthermore, there was no recess of the July Grand Jury ordered during the July Term. Such Grand Jury sat continuously throughout the two-month period. This court takes judicial notice of the fact that on August 15, the date upon which the indictment against defendant was reported, indictments dated during the month of July were also reported to the County Court. The extensive press of criminal action in this court has made it necessary for all grand juries to continue without recess until the impanelling of the new Grand Jury. The July Grand Jury was no exception to this fact and indeed reported indictments on August 3d, 15th, 23d and September 1st, which involved matters that had been presented in July, as well as matters which had arisen during the month of August. This court does not interpret section 244 as requiring the recess of the Grand Jury at the end of a Court Term where there is clearly unfinished business before the Grand Jury and where there is no Grand Jury designated to sit at the following Court Term. The language pf the statute pertaining to the reconvening of a recessed *821 Grand Jury upon the application of the District Attorney was intended to cover situations where the Grand Jury had been recessed for want of unfinished business and where in the period between recess and the impanelling of a new Grand Jury new criminal matters require the same Grand Jury to be reconvened (People v. Stern, supra). That language does not moan that the Grand Jury had to be recessed. Clearly if there was unfinished business before the Grand Jury it would be meaningless to utter words so as to recess Grand Jury and then to file an order reconvening such Grand Jury for the following month, where no new Grand Jury had been designated to sit in the following month. Such procedure would be trivial and meaningless and would protect no substantial right of the criminal defendant (People v. Petrea, supra).
Even if section 244 requires the recess of the Grand Jury upon adjournment of the County Court to the opening date of the next term of said court for which a Grand Jury has been designated, the same would not avail the defendant. There was no such adjournment during the July Term. Criminal matters were adjourned by this court to the 17th day of August, 1966, and on that date this court imposed sentences and conducted other business including the argument of a motion. It should be pointed out that the indictment against defendant was presented to the Grand Jury prior to the 17th day of August and was in fact reported to the court two days earlier, on August 15. Subdivision 3 of section 190-c of the Judiciary Law authorizes the County Judge to continue each term as long as the same is deemed necessary; therefore, on the 15th of August, 1966 the Grand Jury was properly in session when the indictment was found and presented (People ex rel. Gracy v. Strohson, 127 Misc. 199, affd. 217 App. Div. 750).
As was stated in Matter of Mullen v. McDonald (179 Misc. 144, 146 [1942]): “ We have progressed a great distance from the time when failure to dot an ‘ i ’ and cross a ‘ t ’ made legal proceedings invalid” (connected case: Matter of McDonald v. Colden, 267 App. Div. 881 [1944], affd. 294 N. Y. 172 [1945]). The climate of judicial authority in this State overwhelmingly condemns the dismissal of indictments upon grounds similar to that raised by the defendant herein (Matter of Mullen v. McDonald; People ex rel. Sheehan v. Jackson, 268 App. Div. 1013 [1944]; People v. Jackson, 205 App. Div. 202 [1923]; People ex rel. Gracy v. Strohson, supra; Matter of Ryan, 9 A D 2d 846; People v. Bishop, 14 A D 2d 376, 378, affd. 11 N Y 2d 854), particularly where no substantial right of the defendant is involved. The motion is in all respects denied.