In the Matter of ANDREW R. TYLER, Petitioner, v LEON B. POLSKY, as Acting Justice of the Supreme Court of the State of New York, et al., Respondents.

First Department, May 31, 1977

*Milton S. Gould* of counsel *(Saul S. Streit, Richard L. Spinogatti* and *Richard F. Czaja* with him on the brief; *Shea Gould Climenko & Casey,* attorneys), for petitioner.

*Richard A. Nachman* of counsel *(Robert M. Simels* and *Joel Cohen* with him on the brief; *John F. Keenan, Deputy Attorney-General),* for respondents.

*Per Curiam.* The petitioner, a Justice of the New York State Supreme Court, was charged in Indictment No. S.P.O. N-109/76 with four counts of perjury in the first degree,

emanating from his testimony before a Grand Jury on March 2 and May 20, 1976.

Petitioner made a motion before Justice POLSKY to dismiss the indictment, claiming that the Grand Jury and the Special Prosecutor exceeded their jurisdiction, which motion was denied.

Petitioner then instituted this proceeding returnable in the first instance before this court (CPLR 506, subd [b], par 1), seeking, *inter alia,* a writ of prohibition against performance of any acts in furtherance of the prosecution of the indictment, as well as declarations that the February 1975 Grand Jury actions with regard to petitioner were void, and that the office of the Special Prosecutor exceeded its jurisdiction in prosecuting the petitioner.

Petitioner also seeks dismissal of the indictment presently pending against him.

Petitioner claims, in short, that the February 1975 Grand Jury was without jurisdiction in that its term was not properly extended, and that the investigation, insofar as it relates to the petitioner, in any event is beyond the scope of the mandate of the Special Prosecutor.

In our view, the petitioner is this case is not entitled to the extraordinary remedy of the writ of prohibition. We hold that the term of an Extraordinary Grand Jury need not be limited by court direction. We find support for this holding in the statute itself. CPL 190.10 states that: "The appellate division of each judicial department shall adopt rules governing the number and the terms for which grand juries shall be drawn and impaneled by the superior courts within its department; *provided, however, that a grand jury may be drawn and impaneled for an extraordinary term of the supreme court upon the order of a justice assigned to hold such term".* (Emphasis added.)

This section clearly distinguishes between regular Grand Juries and those impaneled by a Justice assigned to an extraordinary term. The former are of limited duration, as prescribed by CPL 190.15, while the terms of the latter are coextensive with the duration of the extraordinary term itself (cf. *Matter of McDonald v Colden,* 294 NY 172). When the mandated extraordinary term ends, either by gubernatorial order or by the virtue of its task being completed, so, too, the Grand Jury term will end.

The uniqueness of a Grand Jury drawn for the Extraordinary Term of the Supreme Court involved in the case at bar lies in part in that it is called upon to investigate a carefully delineated scope of corrupt acts relating to public servants and connected with the enforcement of law or administration of criminal justice in the City of New York (9 NYCRR 1.55-1.59).

It would appear, therefore, that even if previous Grand Juries impaneled for an extraordinary term were given a definite termination date, such direction by the impaneling Judge is neither mandated by statute nor is the failure to make that direction fatal to the activities of that Grand Jury.

The rationale behind the limitations imposed on Grand Juries in general, which are impaneled for a term of a superior court (CPL 190.15), is that it would be deleterious to have a Grand Jury with unlimited investigatory powers unfettered by time limitations and without need for specific application for extensions. The harm foreseeable is the possibility of a "runaway grand jury" (see, e.g., Hall, Kamisar, LaFauve and Isreal, Modern Criminal Procedures [3d ed], p 810), or granting of a judicial imprimatur to "allowing an individual judge to have his own grand jury, perhaps for years, to carry on any investigation whatsoever" (People v Stern, 3 NY2d 658, 665 [dissenting opn of FULD, J.]).

Such harm is not readily foreseeable in the case of a Grand Jury impaneled for an extraordinary term since its scope of inquiry is limited by the mandate authorizing a Special Prosecutor to act and creating an extraordinary term.

With regard to petitioner's second prong of attack—namely, that the investigation is beyond the scope of the mandate of the Special Prosecutor—we merely note that in this investigatory stage of the Grand Jury there still exists a possible connection between the questioning of the petitioner and the possibility of thereby discovering corruption in the criminal justice system. We should not therefore cirsumscribe the investigation at this early stage when the facts have not yet been fully developed. However, we call specific attention to the fact that the disposition of this appeal is not intended to be an indication of our evaluation of the merits of the underlying indictment.

The writ of prohibition sought should be denied and the petition dismissed, without costs.

MURPHY, P. J., BIRNS, SILVERMAN, CAPOZZOLI and LANE, JJ., concur.

Application for an order, pursuant to CPLR article 78, in the nature of a writ of prohibition, unanimously denied, and the petition dismissed, without costs and without disbursements.