■ CAREE SALES, LTD., DIVISION OF IRMAN TRADING, INC., Appellant, v AFTER SIX, INC., Respondent.—Order, Supreme Court, New York County, entered on March 3, 1977, unanimously affirmed for the reasons stated by Evans, J., at Special Term. Respondent shall recover of appellant $40 costs and disbursements of this appeal. Concur—Murphy, P. J., Lupiano, Birns and Capozzoli, JJ.

■ In the Matter of ROBERT H. JOHNSON, Appellant, v JOHN F. KEENAN, as Special State Prosecutor, Respondent.—Order, Supreme Court, New York County, entered March 14, 1977, denying petitioner's motion to quash a subpoena compelling his appearance as a witness before an Extraordinary and Special Grand Jury for New York County, unanimously affirmed, without costs and without disbursements. Appellant's reliance on the Statute of Limitations is misplaced for this defense is available to one who has been charged with a crime. It does not bar a Grand Jury investigation nor furnish an excuse for a witness' refusal to give evidence before a Grand Jury. (Cf. *People v Kohut,* 30 NY2d 183.) The Grand Jury is "a body with powers of investigation and inquisition, the scope of whose inquiries is not to be limited narrowly by * * * forecasts of the probable result of the investigation, or by doubts whether any particular individual will be found properly subject to an accusation of crime." *(Blair v United States,* 250 US 273, 282.) Moreover since appellant is a public servant the Grand Jury is empowered, if the evidence warrants, to recommend his removal or that disciplinary action be taken against him. (CPL 190.85, subd 1, par [a].) This power is separate and distinct from its power to indict. (CPL 190.60.) The claim that appellant is being called as a witness solely so that respondent may later indict him for perjury is not supported by the record. And as was recently noted in *Matter of Tyler v Polsky* (57 AD2d 422), where, as here, a possible connection still exists between the questioning of the petitioner and the possibility of thereby discovering corruption in the criminal justice system the Grand Jury's investigation should not be circumscribed. Concur—Birns, J. P., Silverman, Evans, Lane and Yesawich, JJ.