OPINION OF THE COURT
George L. Cobb, J.
In this CPLR article 78 proceeding, Judge M. Andrew Dwyer, Jr., County Judge of Rensselaer County, seeks a judgment which would prohibit the Chief Administrative Judge of the courts and his Deputy Chief Administrative Judge from implementing the order of the latter respondent which assigned Judge Dwyer to preside at a term of the County Court to be held in and for the County of Nassau beginning October 6, 1980 and thereafter until all matters arising during the term of his said assignment have been completed.
On or about August 18, 1980, Judge Dwyer signed a written order which directed, among other things, that a Trial Term of the Rensselaer County Court be held on September 8, 1980 to extend through the month of Octo *485 ber, 1980 and thereafter for as long as Judge Dwyer deemed necessary, and on or about August 29, 1980, the respondent Deputy Chief Administrative Judge signed the above-described order which assigned Judge Dwyer to sit at a term in Nassau County beginning October 6, 1980. Since Judge Dwyer cannot be in two places at the same time, he has brought this article 78 proceeding wherein the parties agree that the narrow issue which must be decided is whether or not the respondents were empowered to assign Judge Dwyer to sit in a County Court, other than his own, during a period when he had already assigned himself to sit at a term appointed by him to be held in his home county. For the reasons which follow, this court must uphold the position of the respondents.
Section 190-c of the Judiciary Law says, in part, that a County Judge must, from time to time, “appoint the times and places for holding terms of his court” and each such term “may continue as long as the county judge deems necessary”. For many decades and perhaps for over 100 years, the County Judges in each of the several counties of the State properly appointed the terms of court to be held in their respective counties pursuant to the authority of the cited statute and its predecessors (see People v Bishop, 14 AD2d 376, affd 11 NY2d 854). However, the constitutional and statutory provisions which were adopted to establish and administer a “unified court system for the state” (see NY Const, art VI, § 1, subd a) have substantially impeached, if not nullified, the provisions of section 190-c of the Judiciary Law (People v Widziewicz, 53 Misc 2d 813, 817).
Subdivisions a and b of section 28 of article VI of the New York Constitution say that the Chief Judge of the Court of Appeals is the “chief judicial officer of the unified court system” and give to him the power to appoint, with the advice and consent of the administrative board, a chief administrator of the courts who on behalf of the Chief Judge “shall supervise the administration and operation of the unified court system” and who “shall have such powers and duties as may be delegated to him by *486 the chief judge and such additional powers and duties as may be provided by law”. Furthermore, section 33 of said article VI says that the Legislature “shall enact appropriate laws to carry into effect the purposes and provisions of this article, and may, for the purpose of implementing, supplementing or clarifying any of its provisions, enact any laws, not inconsistent with the provisions of this article, necessary or desirable in promoting the objectives of this article”. Pursuant to the foregoing constitutional authority, the Legislature, in 1978, enacted section 212 (subd 1, par [c]; subd 2, par [c]) of the Judiciary Law which statute authorizes the chief administrator of the courts, in the manner specified by the Chief Judge, to “[establish the * * * terms * * * of court [and] assign judges * * * to them”, as well as to “[temporarily assign judges and justices of the unified court system, in accordance with the provisions of section twenty-six of article six of the constitution”. Since said subdivision c of said section 26 of article VI of the Constitution says that “[a] judge of the county court * * * may be temporarily assigned * * * to the county court * * * in any county”, it is apparent that adequate constitutional and statutory authority exists for the issuance of the order which will send Judge Dwyer to sit in Nassau County beginning October 6, 1980.
It is true that the provisions of section 190-c of the Judiciary Law and the constitutional and statutory provisions relied on by the respondents are not wholly compatible and that a plausible argument can be made for favoring the specific provisions of section 190-c of the Judiciary Law over the somewhat broader constitutional and statutory language relied on by respondents. However, the court believes that several rules of statutory construction (e.g., see McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 391, 396, subd b; §§ 398, 399) and the constitutional provisions on the subject which became effective in 1962 (NY Const, art VI, § 33) compel a finding that any conflict between the provisions of section 190-c of the Judiciary Law and the said constitu *487 tional and statutory provisions for administering the unified court system must be resolved in favor of the latter provisions.
The petition will be dismissed.